UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WILLIAM S. SHANAHAN and ANTARES, LLC | : | |
| v. | : | MC 05-93ML |
| MAURICE VALLAT, et al. | : | |

**MEMORANDUM AND ORDER**

This matter arises out of a securities fraud litigation currently pending before Chief U.S. District Judge Michael B. Mukasey in the Southern District of New York (03 CIV 3496 (MBM)). On or about July 5, 2005, a subpoena duces tecum was served by Plaintiffs on a non-party, David Henderson, President, Montrose International Holdings Limited (BVI) ("Montrose") and affiliated entities, One Atlantic Avenue, Newport, Rhode Island 02840. The subpoena commanded the production of certain business records of Montrose, as well as Mr. Henderson's appearance at a deposition on August 25, 2005 in Providence.

On August 4, 2005, Montrose filed this miscellaneous action seeking to quash Plaintiffs' Subpoena pursuant to Rule 45(c), Fed. R. Civ. P. Montrose's Motion to Quash has been referred to me for determination. 28 U.S.C. 636(b)(1)(A); Local R. 32(b). A hearing was held on September 6, 2005. Montrose argues (1) that this Court lacks the personal jurisdiction over Montrose necessary to enforce the Subpoena; and (2) the Subpoena would impose an undue burden on Montrose since it seeks information unrelated to the underlying New York litigation and is an improper "fishing expedition." For the reasons discussed below, it has not been established that Montrose presently has sufficient minimum contacts with this District to subject it to a subpoena duces tecum served on

it through its President, and GRANTS Montrose's Motion to Quash. Thus, this Court need not and does not address Plaintiffs' undue burden argument.

Despite Plaintiffs' claim that "tag jurisdiction" is sufficient, the case law is clear that a non-party corporation is only amenable to proper service under Rule 45, Fed. R. Civ. P., in a district within which the corporation has a sufficient presence or constitutional "minimum contacts." See In re Harvard M. Jee, 104 B.R. 289, 293 (Bankr. C.D. Cal. 1989); and Ghandi v. Police Dep't of the City of Detroit, 74 F.R.D. 115, 121 (E.D. Mich. 1977), citing Internat'l Shoe Co. v. Washington, 326 U.S. 310 (1945). Plaintiff's reliance on First Am. Corp. v. Price Waterhouse LLP, 154 F.3d 16 (2nd Cir. 1998), is misplaced. This Court has reviewed the First American decision and finds it distinguishable because the case involved a partnership rather than a corporation, and there were business contacts with the forum state which simply have not been established in this matter. Similarly, Plaintiffs' reliance on Rule 4(e)(3), R.I. Super. Ct. R. Civ. P., is misplaced. Although that rule permits service on a foreign corporation by personal service on "an officer, a managing or general agent," such service only comports with constitutional due process requirements if the corporation has sufficient "minimum contacts."

Plaintiffs' subpoena improperly attempts to blur the line between Montrose and Mr. Henderson in order to circumvent the constitutional "minimum contacts" requirement. As noted above, the Subpoena is directed to Mr. Henderson in his capacity as President of Montrose, and it seeks production of Montrose business records. It is undisputed that Mr. Henderson maintains a residence in Newport and that Montrose does not maintain any office in Rhode Island or elsewhere in the United States. Montrose is a holding company and does not do any business in or otherwise have a presence in Rhode Island. The only connection to Rhode Island is that the website of one of

Montrose's holdings, Montrose Food & Wine, lists a U.S.A. office located at Mr. Henderson's Newport address in addition to its China and Hong Kong offices. There is no evidence that Montrose Food & Wine conducts operations in Rhode Island other than business communications sometimes coming to and from Mr. Henderson when he is residing in Newport. While Mr. Henderson's contacts with Rhode Island may subject him to personal jurisdiction in this District, those contacts are not sufficient enough to satisfy the constitutional minimum contacts threshold as to Montrose.

Despite Plaintiff's claims to the contrary, it is plain that the Subpoena was not served on Mr. Henderson in his personal capacity. The subpoena identifies Mr. Henderson as President of Montrose and seeks Montrose business records. Cf. Application of Johnson & Johnson, 59 F.R.D. 174, 177 (D. Del. 1973) (Rule 45 subpoena directed to an individual with no mention of his capacity as a corporate officer is not a subpoena directed to the corporation). Plaintiffs' eleventh-hour attempt to alter their argument and claim that the Subpoena was directed to Mr. Henderson, individually, must fail. First, upon a plain reading of the Subpoena, the Court concludes it is directed to the Corporation. Further, Plaintiffs' attempt to cast a wide net by use of the phrase "and affiliated entities" is simply too vague to sufficiently put "entities" other than Montrose on notice that they may have been served with a subpoena through Mr. Henderson. Second, any ambiguity in the Subpoena is the result of Plaintiffs' drafting, and they cannot now attempt to alter history in order to avoid having the Subpoena quashed. See In re Grand Jury Subpoenas Duces Tecum, 658 F. Supp. 474, 481 (D. Md. 1987) ("[w]here a subpoena imparts such an unclear direction, it must be construed

against the drafter."). The subpoena is aimed at Montrose through its President, Mr. Henderson.[1] Since it has not been shown that Montrose has sufficient minimum contacts with this District, it is not presently amenable in this District to service of a subpoena under Rule 45, Fed. R. Civ. P. Thus, Montrose's Motion to Quash Plaintiffs' Subpoena dated June 30, 2005 is GRANTED but its related request for sanctions is DENIED for the reasons stated by this Court at the September 6, 2005 hearing.

LINCOLN D. ALMOND
United States Magistrate Judge
September 8, 2005

[1] This Court offers no opinion as to whether any similar subpoena served on Mr. Henderson in his personal capacity would satisfy Rule 45, Fed. R. Civ. P. and, in particular, its protection of non-parties against "undue burden." In addition, since this Court has determined that the subpoena was directed solely at Montrose and not Henderson or Montrose's "affiliated entitles," this Court also offers no opinion as to whether Montrose Food & Wine has sufficient minimum contacts to render it subject to personal jurisdiction in this District.